Case 2:20-cr-00522-MWF Document 11 Filed 10/27/20 Page 1 of 10 Page ID #:53

FILED
CLERK, U.S. DISTRICT COURT
10/27/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: DM DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FONTRELL ANTONIO BAINES,<br>  aka "Nuke Bizzle,"<br><br>    Defendant. | CR 2:20-cr-00522-MWF<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1341: Mail Fraud;<br>18 U.S.C. § 1029(a)(2): Use of<br>Unauthorized Access Devices;<br>18 U.S.C. § 1028A(a)(1):<br>Aggravated Identity Theft;<br>18 U.S.C. § 2314: Interstate<br>Transportation of Stolen Property] |

The Grand Jury charges:

COUNTS ONE THROUGH THREE

[18 U.S.C. §§ 1341, 2]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.  California's Employment Development Department ("EDD") was the administrator of the unemployment insurance ("UI") benefits program for the State of California.

2.  On March 13, 2020, the President of the United States declared COVID-19 an emergency under the Robert T. Stafford Disaster

Relief and Emergency Assistance Act.  As a result, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which the President signed into law on March 27, 2020.  The CARES Act provided over $2 trillion in economic relief protections to the American people from the public health and economic impacts of COVID-19.

3.   Prior to the enactment of the CARES Act, to be eligible for UI benefits administered by EDD, a person had to have been employed and worked in California and received at least a certain amount of wages from an employer in the 18 months preceding his/her UI benefits claim.  Because of this requirement, self-employed workers, independent contractors, and employees with insufficient earnings were not eligible to receive regular UI benefits.

4.   The CARES Act established a new program — Pandemic Unemployment Assistance ("PUA") — to provide UI benefits during the COVID-19 pandemic to people who did not qualify for regular UI benefits, including business owners, self-employed workers, independent contractors, and those with a limited work history, who were out of business or had significantly reduced their services as a direct result of the pandemic.  UI benefits provided under the PUA program were sometimes referred to as PUA benefits.

5.   Under the PUA provisions of the CARES Act, a person who was a business owner, self-employed worker, independent contractor, or gig worker could qualify for PUA benefits administered by EDD if he/she previously performed such work in California and was unemployed, partially unemployed, unable to work, or unavailable to work due to a COVID-19-related reason.

6. Persons applying for PUA benefits did not need to submit any supporting documents to EDD with their applications. Claimants reported their total income for the 2019 calendar year on the application. The stated income was used to calculate the benefits to be paid, which were at least $167 per week.

7. A PUA benefits claimant was required to answer various questions on his/her application to establish his/her eligibility for the benefits. The claimant was required to provide his/her name, Social Security Number, and mailing address. The claimant was also required to identify a qualifying occupational status and COVID-19 related reason for being out of work.

8. After it accepted an application for UI benefits, including an application submitted pursuant to the PUA program, EDD typically deposited UI funds every two weeks to an Electronic Bill Payment ("EBP") debit card administered by Bank of America ("BofA"), which the claimant could use to pay for his/her expenses. The EBP debit card was mailed via the United States Postal Service from BofA to the claimant at the address the claimant provided as his/her mailing address on his/her UI benefits application.

B. THE SCHEME TO DEFRAUD

9. Beginning no later than July 2020 and continuing through at least September 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant FONTRELL ANTONIO BAINES, also known as "Nuke Bizzle," together with others known and unknown to the Grand Jury, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud EDD and the United States Treasury as to material matters, and to obtain money and property from EDD and the United States Treasury, namely,

UI benefits, including PUA benefits, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

    10. The fraudulent scheme operated, in substance, as follows:

        a. Defendant BAINES and his co-schemers filed and caused to be filed with EDD fraudulent applications for UI benefits in the names of other persons, including persons who had not authorized defendant BAINES and his co-schemers to file such applications on their behalf or use their names and other identifying information on such applications.

        b. Defendant BAINES and his co-schemers falsely stated and represented, and caused to be falsely stated and represented, on the UI benefits applications that were filed with EDD that the named claimants were self-employed barbers whose employment had been negatively affected by the COVID-19 pandemic, thereby triggering eligibility for UI benefits under the PUA provision of the CARES Act.

        c. Defendant BAINES and his co-schemers falsely stated and represented, and caused to be falsely stated and represented, on the UI benefits applications that were filed with EDD that the named claimants resided and worked in the State of California, including in Los Angeles County, within the Central District of California.

        d. By falsely stating that the named claimants had worked in the State of California, defendant BAINES and his co-schemers falsely represented and caused to be falsely represented that the named claimants were eligible for UI benefits administered by EDD when, as defendant BAINES then knew, they were not eligible for such benefits.

   e. As a result of the fraudulent UI benefits applications that defendant BAINES and his co-schemers filed and caused to be filed, EDD authorized BofA to issue EBP debit cards in the names of the named claimants.

   f. To ensure that they received the UI benefits that were paid as a result of the fraudulent applications, defendant BAINES and his co-schemers listed and caused to be listed on the applications for the UI benefits addresses to which they had access as the mailing addresses for each of the named claimants.  Defendant BAINES knew that, by doing so, defendant BAINES and his co-schemers would cause BofA to mail the EBP debit cards issued to the named claimants to these addresses, thereby enabling defendant BAINES and his co-schemers to take possession of the EBP debit cards.

   g. After defendant BAINES received the EPB debit cards issued as a result of the fraudulent UI benefits applications that he and his co-schemers submitted and caused to be submitted to EDD, defendant BAINES used the debit cards and caused the debit cards to be used to withdraw the UI benefits loaded onto the debit cards by making cash withdrawals at Automated Teller Machines and at banking centers, and using the debit cards to pay for purchases of goods and services.

  11. Through this scheme, defendant BAINES and his co-schemers caused at least approximately 92 fraudulent applications for PUA benefits to be filed with EDD resulting in attempted losses to EDD and the United States Treasury of approximately $1,256,108 and actual losses of at least approximately $704,760.

C.   USE OF THE MAILS

12.   On or about the dates set forth below, within the Central District of California and elsewhere, defendant BAINES and his co-schemers, aiding and abetting each other, for the purpose of executing and attempting to execute the above-described scheme to defraud, willfully caused the following items to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service, according to the directions thereon:

| COUNT | DATE | ITEM MAILED |
| --- | --- | --- |
| ONE | 8/19/2020 | EBP debit card for an account in the name of R.H. ending in 2423 sent by U.S. Mail from BofA to 1705 Carla Ridge, Beverly Hills, California, 90210 |
| TWO | 8/19/2020 | EBP debit card for an account in the name of P.J. ending in 7062 sent by U.S. Mail from BofA to 1705 Carla Ridge, Beverly Hills, California, 90210 |
| THREE | 8/20/2020 | EBP debit card for an account in the name of R.P. ending in 1326 sent by U.S. Mail from BofA to 1705 Carla Ridge, Beverly Hills, California, 90210 |

6

COUNT FOUR

[18 U.S.C. § 1029(a)(2)]

13. The Grand Jury realleges paragraphs 1 through 8, 10 and 11 of this Indictment here.

14. Beginning on or about August 15, 2020, and continuing through on or about September 20, 2020, in San Bernardino County, within the Central District of California, and elsewhere, defendant FONTRELL ANTONIO BAINES, also known as "Nuke Bizzle," in transactions affecting interstate and foreign commerce, knowingly and with intent to defraud, used unauthorized access devices, as defined in Title 18, United States Code, Sections 1029(e)(1) and (3), specifically, the following debit card account numbers issued to the persons identified below, which debit card account numbers were obtained with intent to defraud, and by such conduct obtained things of value, their value together totaling $1,000 or more:

| UNAUTHORIZED ACCESS DEVICE | ISSUED TO |
|---|---|
| Bank of America ("BofA") account number ending in 2423 | R.H. |
| BofA account number ending in 7062 | P.J. |
| BofA account number ending in 1326 | R.P. |
| BofA account number ending in 8906 | M.M. |
| BofA account number ending in 1779 | J.J. |
| BofA account number ending in 2696 | L.A. |

## COUNTS FIVE AND SIX

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

15. The Grand Jury realleges paragraphs 1 through 8, 10 and 11 of this Indictment here.

16. On or about the dates set forth below, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant FONTRELL ANTONIO BAINES, also known as "Nuke Bizzle," knowingly transferred, possessed and used, and willfully caused to be transferred, possessed, and used, without lawful authority, the means of identification set forth below that defendant BAINES knew belonged to another person, during and in relation to a felony violation, as charged in the counts of this Indictment identified below:

| COUNT | DATE | MEANS OF IDENTIFICATION | FELONY VIOLATION |
|---|---|---|---|
| FIVE | 8/19/2020 through 9/20/2020 | Name and Social Security Number of R.H. | COUNT ONE |
| SIX | 8/19/2020 through 9/20/2020 | BofA account numbers assigned to R.H. and M.M. | COUNT FOUR |

COUNT SEVEN

[18 U.S.C. § 2314]

17. The Grand Jury realleges paragraphs 1 through 8, 10 and 11 of this Indictment here.

18. On or about September 21, 2020, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant FONTRELL ANTONIO BAINES, also known as "Nuke Bizzle," together with others known and unknown to the Grand Jury, transported, transmitted, and transferred in interstate commerce, and willfully caused to be transported, transmitted, and transferred in interstate commerce, more than $5,000, namely, approximately $60,940 in UI benefits that were preloaded onto EBP debit cards issued to R.H., P.J., R.P, J.J., M.M., and L.A., bearing account numbers ending in 2423, 7062, 1326, 1779, 8906, and 2696, respectively, that defendant BAINES stole, converted and took by fraud from EDD and the United States Treasury through the means described in paragraph 10, above, knowing that the property had been unlawfully stolen,

///
///
///
///
///

converted and taken by fraud with the intent to permanently deprive EDD and the United States Treasury of the property.

                                  A TRUE BILL

                              /S/
                            Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


RANEE KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section