TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432
     Facsimile: (213) 894-6269
     E-mail:    ranee.katzenstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-522-MWF(AFM) |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S APPLICATION FOR RECONSIDERATION OF RELEASE DUE TO CHANGED CIRCUMSTANCES |
| v. | |
| FONTRELL ANTONIO BAINES, | |
| Defendant. | Hearing Date:  Jan. 14, 2021 Hearing Time:  1:30 p.m. |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Ranee A. Katzenstein, hereby files this supplemental brief in opposition to defendant's application for reconsideration of release due to changed circumstances. (Dkt. 25.)  This brief addresses the issue raised by the Court at the hearing on January 7, 2021, namely, whether defendant can review the discovery in this case in order to prepare for trial while he is subject to the quarantine procedures instituted by the Metropolitan Detention Center (MDC) to address the COVID-19 pandemic.  The issue arises because the discovery is subject to a

Protective Order that prohibits defendant from possessing the discovery outside the presence of his counsel in order to protect the unredacted personal identifying information (PII) of third parties that the discovery contains.  Defendant is unable to meet with his counsel while the quarantine persists at MDC and, thus, is currently unable to review the discovery.

As discussed below, the government proposes to reconcile the need to protect the PII – which is the purpose of the Protective Order – with defendant's need to prepare for trial by providing defendant with a copy of the discovery in which the PII is redacted. The government will seek an amendment to the protective order to allow defendant to review this redacted discovery outside the presence of his counsel during any period in which quarantine procedures prevent him from being able to meet with his counsel.

## I.    The Discovery Produced in this Case and the Protective Order

The discovery produced by the government in this case comprises 2715 pages of records.  The records fall into the following categories:

- • Applications for unemployment insurance (UI) benefits submitted to the California Employment Development Department (EDD) (approximately 438 pages);
- • Identification records for the debit cards administered by Bank of America by which EDD disburses the UI benefits (BofA Debit Cards) (approximately 591 pages);
- • Transaction records for the BofA Debit Cards (approximately 423 pages);

- ATM photos showing the BofA Debit Cards being used (approximately 491 pages);
- BofA Debit Card account spreadsheets (approximately 120 pages);
- YouTube, Instagram and other provider screen shots (approximately 476 pages);
- Defendant's Bureau of Prisons health records (approximately 129 pages);
- Reports of interviews (approximately 24 pages); and
- Store receipts and surveillance regarding use of the BofA Debit Cards (approximately 11 pages).

The remainder of the records include spreadsheets and other information from EDD, subscriber information from Internet Service Providers, records from the Las Vegas Metropolitan Police Department, and the arrest warrant and other filings in this case.

On November 20, 2020, an order was entered in this case to protect the PII contained in the discovery from unnecessary dissemination and/or misuse. (Dkt. 22.) The Protective Order provides, among other things, that "defendant may review PII Materials only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any PII Materials."

The PII in the discovery is primarily found in the applications for UI benefits, the identification records for the BofA Debit Cards, and the reports of interview. Although there are account numbers in the transaction records for the BofA Debit Cards, these accounts have

been closed and, therefore, the potential for misuse of this information is minimal.

## II.  Trial

Trial is currently set for February 23, 2021.  The government believes that this date will be continued because of the suspension of certain court functions in response to the COVID-19 pandemic.  <u>See</u> "Notice from the Clerk: Extension of Continuity of Operations Plan" (Jan. 6, 2021), available at http://www.cacd.uscourts.gov/sites/default/files/documents/2021-01-06%20Notice%20-%20Extension%20of%20COOP%20Plan.pdf  Given the continuing suspension of all jury trials under the COOP Plan; the closure of court facilities to the public, except for hearings on certain criminal duty matters, until at least January 29, 2021; the continuing increase in the number of COVID-19 cases, hospitalizations, and test positivity rates in this district, and the time needed to summons jurors for trial once the court facilities reopen, it is unlikely that trial in this matter can commence before April 1, 2021.

## III. Conditions at MDC

On October 16, 2020, this Court found that no condition or combination of conditions would reasonably assure the appearance of defendant as required or the safety of the community and ordered defendant detained.  (Dkt. 6.)  On November 16, 2020, MDC, where defendant is being held, instituted quarantine procedures to address an outbreak of COVID-19.  MDC currently has 12 active cases (down from the 99 reported at the beginning of the outbreak), one inmate death, and 326 inmates recovered.  BOP, COVID-19 Coronavirus (updated

daily at 12pm Pacific), available at
https://www.bop.gov/coronavirus/index.jsp (last visited Jan. 13,
2021).  Although the outbreak is being brought under control,
defendant is still subject to quarantine procedures that preclude
meeting with his counsel in person or by VTC.  According to MDC
Attorney Advisor JoAnna Wilson, although defendant's housing unit is
still considered "exposed quarantine," testing is expected in the
next few days and it is hoped that the unit will convert to
"recovered" next week.

**IV.  Government's Proposal to Enable Defendant to Have Access to the Discovery in Order to Prepare for Trial**

In order to reconcile the need to protect the PII in the
discovery and defendant's need to prepare for trial, the government
proposes the following:

The government will prepare a set of the discovery in which the
PII is redacted.  This redacted set will be prepared in phases.  The
first phase will include the UI benefits applications, reports of
interviews, and debit card identification records (approximately 1050
pages).  The second phase of redactions will include the debit card
transactions and spreadsheet records (approximately 543 pages) plus
spot-checking of the remaining discovery to ensure that no PII is
included.  The government believes it can complete Phase I by January
22, 2021, and Phase II by January 29, 2021.

The government will also seek entry of a proposed supplement to
the Protective Order addressing procedures to enable defendant to
have access to this redacted discovery while MDC continues to
implement quarantine measures to deal with COVID-19.  The proposed
procedures will allow defendant to possess the redacted discovery

while the quarantine remains in effect, but require him to return it
once the quarantine is lifted and he is able to meet with counsel to
review the unredacted discovery.  Returning the unredacted discovery
when access to it is no longer necessary is appropriate because, for
ease of understanding, the redacted discovery will still include the
claimants' names and portions of their PII, i.e., the last four
digits of their SSN, the year of birth, the city and state of
residence, the last four digits of phone numbers and the last four
digits of driver's licenses.

Counsel for defendant was informed of this proposal and asked
for defendant's position regarding it and any objections to it.  As
of the filing of this supplemental brief, counsel for defendant has
not stated a position regarding this proposal.


Dated: January 13, 2021          Respectfully submitted,

                                 TRACY L. WILKISON
                                 Acting United States Attorney

                                 BRANDON D. FOX
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                  /s/  *Ranee A. Katzenstein*
                                 RANEE A. KATZENSTEIN
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA