TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432/1259
     Facsimile: (213) 894-6269
     E-mail:    ranee.katzenstein@usdoj.gov
                alexander.schwab@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-522-MWF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT |
| v. | |
| FONTRELL ANTONIO BAINES, aka "Nuke Bizzle," | **CURRENT TRIAL DATE:** 12-07-2021<br>**PROPOSED TRIAL DATE:** 05-10-2022 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Ranee A. Katzenstein and Alexander B. Schwab, and defendant Fontrell Antonio Baines, also known as "Nuke Bizzle," ("defendant"), both individually and by and through his counsel of record, Ashley S. Mahmoudian, hereby stipulate as follows:

   1.   The Indictment in this case was filed on October 27, 2020. (Dkt No. 11.) Defendant first appeared before a judicial officer of

the court in which the charges in this case were pending on October 16, 2020. (Dkt. No. 5.)  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial begin on or before January 5, 2021.

    2.   On November 5, 2020, the Court set a trial date of December 29, 2020, and status conference date of November 23, 2020. (Dkt. No. 19.)  On November 18, 2020, the Court vacated the status conference date on its own motion. (Dkt. No. 20.)  On December 10, 2020, the Court continued the trial to February 23, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (Dkt. No. 24.)  On February 8, 2021, the Court continued the trial to May 4, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (Dkt. No. 41.)  On April 19, 2021, the Court continued the trial to September 21, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (Dkt. No. 45.)  On August 23, 2021, the Court continued the trial to December 7, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (Dkt. No. 49.)

    3.   Defendant is detained pending trial. (Dkt. No. 6.)  The government estimates that its case-in-chief in this matter will last approximately three days.

    4.   By this stipulation, defendant moves to continue the trial date to May 10, 2022, and the status conference/motion hearing date

1 to April 11, 2022. This is defendant's third request for a
2 continuance.
3     5. Defendant requests the continuance based upon the
4 following facts, which the parties believe demonstrate good cause to
5 support the appropriate findings under the Speedy Trial Act:
6     a. Defendant is charged with violations of Title 18,
7 United States Code, Sections 1341 (Mail Fraud), 1029(a)(2) (Use of
8 Unauthorized Access Devices), 1028A(a)(1) (Aggravated Identity
9 Theft) and 2314 (Interstate Transportation of Stolen Property. The
10 government has produced discovery to the defense, including 2715
11 pages of written reports, photographs, and other documents.
12     b. At defendant's request, the government sought and
13 obtained additional discovery from the Las Vegas Police Department,
14 including several videos from a traffic stop involving defendant.
15 Defense counsel has, thus far, been unable to review these
16 recordings with defendant due to technical issues concerning the
17 Metropolitan Detention Center's hardware. Defense counsel is
18 currently working with information technology staff at her office to
19 determine whether the videos can be converted into a format
20 reviewable at MDC.
21     c. Additionally, defense counsel is currently scheduled
22 to be in trial on the following dates: on December 14, 2021, in
23 United States v. Alcharihi, 20-cr-00307-GW; on February 1, 2022, in
24 United States v. Cajas, 20-cr-00340; on February 22, 2022, in United
25 States v. Owings, 20-cr-00135-FMO; on April 5, 2022, in United
26 States v. Maxey, 20-cr-00609-MWF; and on October 4, 2022, in United
27 States v. Zavala, 19-cr-00676-FMO.
28

d.  In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pretrial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  For example, defense counsel represents that addition time is necessary to obtain records from the Las Vegas Metropolitan Police Department pertaining to a traffic stop of a vehicle in which defendant was a passenger.  Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e.  Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

6.  Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 7, 2021, to May 10, 2022, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), and (B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's findings that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance

would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

7.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: November 4, 2021               Respectfully submitted,

                                      TRACY L. WILKISON
                                      Acting United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                            /s/
                                      RANEE A. KATZENSTEIN
                                      ALEXANDER B. SCHWAB
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

//

//

DECLARATION OF ASHLEY S. MAHMOUDIAN

I am Fontrell Antonio Baines's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than is informed and voluntary.

/s/ (per email authorization)        11/4/2021
ASHLEY S. MAHMOUDIAN              Date
Attorney for Defendant
FONTRELL ANTONIO BAINES

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than May 10, 2022.

[signature]                         11-4-2021
FONTRELL ANTONIO BAINES            Date
Defendant

6