1   TRACY L. WILKISON
    United States Attorney
2   SCOTT M. GARRINGER
    Assistant United States Attorney
3   Chief, Criminal Division
    RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
4   ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
    Assistant United States Attorneys
5   Major Frauds Section
          1100 United States Courthouse
6         312 North Spring Street
          Los Angeles, California 90012
7         Telephone:  (213) 894-2432/1259
          Facsimile:  (213) 894-6269
8         E-mail:     ranee.katzenstein@usdoj.gov
                      alexander.schwab@usdoj.gov
9
    Attorneys for Plaintiff
10  UNITED STATES OF AMERICA

11                    UNITED STATES DISTRICT COURT

12              FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          No. CR 20-522-MWF

14            Plaintiff,               STIPULATION REGARDING REQUEST FOR
                                       (1) CONTINUANCE OF TRIAL DATE AND
15            v.                       (2) FINDINGS OF EXCLUDABLE TIME
                                       PURSUANT TO THE SPEEDY TRIAL ACT
16  FONTRELL ANTONIO BAINES,
      aka "Nuke Bizzle,"               **CURRENT TRIAL DATE:**    05-10-2022
17                                     **PROPOSED TRIAL DATE:**   07-12-2022
18            Defendant.

19

20        Plaintiff United States of America, by and through its counsel

21  of record, the Acting United States Attorney for the Central

22  District of California and Assistant United States Attorneys Ranee

23  A. Katzenstein and Alexander B. Schwab, and defendant Fontrell

24  Antonio Baines, also known as "Nuke Bizzle," ("defendant"), both

25  individually and by and through his counsel of record, Deputy

26  Federal Public Defenders David Wasserman and Ashley S. Mahmoudian,

27  hereby stipulate as follows:

28

1.   The Indictment in this case was filed on October 27, 2020.
(Dkt No. 11.)  Defendant first appeared before a judicial officer of
the court in which the charges in this case were pending on October
16, 2020.  (Dkt. No. 5.)  The Speedy Trial Act, 18 U.S.C. § 3161,
originally required that the trial begin on or before January 5,
2021.

2.   On November 5, 2020, the Court set a trial date of
December 29, 2020, and status conference date of November 23, 2020.
(Dkt. No. 19.)  On November 18, 2020, the Court vacated the status
conference date on its own motion. (Dkt. No. 20.)  On December 10,
2020, the Court continued the trial to February 23, 2021, and found
the interim period to be excluded in computing the time within which
the trial must commence, pursuant to the Speedy Trial Act.  (Dkt.
No. 24.)  On February 8, 2021, the Court continued the trial to May
4, 2021, and found the interim period to be excluded in computing
the time within which the trial must commence, pursuant to the
Speedy Trial Act.  (Dkt. No. 41.)  On April 19, 2021, the Court
continued the trial to September 21, 2021, and found the interim
period to be excluded in computing the time within which the trial
must commence, pursuant to the Speedy Trial Act.  (Dkt. No. 45.)  On
August 23, 2021, the Court continued the trial to December 7, 2021,
and found the interim period to be excluded in computing the time
within which the trial must commence, pursuant to the Speedy Trial
Act.  (Dkt. No. 49.)  On November 5, 2021, the Court continued the
trial to May 10, 2022, and found the interim period to be excluded
in computing the time within which the trial must commence, pursuant
to the Speedy Trial Act.  (Dkt. No. 52.)

3.    Defendant is detained pending trial. (Dkt. No. 6.)  The government estimates that its case-in-chief in this matter will last approximately three days.

4.    By this stipulation, defendant moves to continue the trial date to July 12, 2022, and the status conference/motion hearing date to June 13, 2022.  This is defendant's fourth request for a continuance.

5.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendant is charged with violations of Title 18, United States Code, Sections 1341 (Mail Fraud), 1029(a)(2) (Use of Unauthorized Access Devices), 1028A(a)(1) (Aggravated Identity Theft) and 2314 (Interstate Transportation of Stolen Property).  The government has produced discovery to the defense, including written reports, photographs, and other documents, as well as additional discovery obtained from the Las Vegas Police Department, including several videos from a traffic stop involving defendant.

b.    Defense counsel Ashley Mahmoudian represents that she is currently scheduled to be in trial in the following case: United States v. Owings, No. CR 20-135-JGB, a theft of government property, social security fraud, and false statements case scheduled for trial on June 7, 2022.  Defense counsel David Wasserman, who filed his notice of appearance on April 6, 2022, represents that he is currently scheduled to be in trial in the following cases: United States v. Parkins, No. CR 21-175-FLA, an aiming a laser pointer at an aircraft case scheduled for trial on May 24, 2022; and United

States v. Guzman, No. CR 21-213-DMG, a felon-in-possession of a firearm case scheduled for trial on June 7, 2022.

       c.   In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pretrial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Defense counsel affirmatively represent that they believe the earliest they could be ready for trial is the date requested herein; they do not, and cannot, represent that they will unequivocally be ready on that date.

       d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

    6.   Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 10, 2022, to July 12, 2022, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), and (B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's findings that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of

the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED

Dated:  April 12, 2022              Respectfully submitted,

                                    TRACY L. WILKISON
                                    United States Attorney

                                    SCOTT M. GARRINGER
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                    _____/s/_____
                                    RANEE A. KATZENSTEIN
                                    ALEXANDER B. SCHWAB
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

//

//

1    <u>DECLARATION OF ASHLEY S. MAHMOUDIAN</u>

2        I am Fontrell Antonio Baines's attorney.  I have carefully

3    discussed every part of this stipulation and the continuance of the

4    trial date with my client.  I have fully informed my client of his

5    Speedy Trial rights.  To my knowledge, my client understands those

6    rights and agrees to waive them.  I believe that my client's

7    decision to give up the right to be brought to trial earlier than

8    July 12, 2022, is informed and voluntary.

9

10

11   _____          _____
     DAVID WASSERMAN                        Date

12   ASHLEY S. MAHMOUDIAN
     Attorneys for Defendant

13   FONTRELL ANTONIO BAINES

14

15       I have read this stipulation and have carefully discussed it

16   with my attorney.  I understand my Speedy Trial rights.  I

17   voluntarily agree to the continuance of the trial date and give up

     my right to be brought to trial earlier than July 12, 2022.
18

19

20   _____          _____
     FONTRELL ANTONIO BAINES                Date

21   Defendant

22

23

24

25

26

27

28

                                    6